USDC SDNY
DOCUMENT
ELECTRONICAL...
DOC #: _____
DATE FILED: _10/25/12_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTOINE DEGRATE,                 :           REPORT AND
                                          :           RECOMMENDATION
                       Plaintiff,       :
                                          :           12 Civ. 1700 (RJS) (JLC)
              -v.-                        :
                                          :
BROADCAST MUSIC INC.,      :
                                          :
                     Defendant.     :
------------------------------------------------------------x

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Richard J. Sullivan, United States District Judge:**

Pro se Plaintiff Antoine DeGrate brings this proceeding under the Federal Arbitration Act

("FAA"), 9 U.S.C. § 1 et seq., seeking to vacate a July 5, 2011 arbitration decision of the

American Arbitration Association ("AAA") in favor of Defendant Broadcast Music Inc.

("BMI"). For the reasons set forth below, I recommend that the Court sua sponte dismiss the

petition as time-barred.

## I.     BACKGROUND

Familiarity with the Court's prior orders is assumed. DeGrate, who at all relevant times

has been incarcerated in Texas state prison, filed his complaint on January 25, 2012. (See Dkt.

No. 1 ("Compl.") at 5).[1] On March 15, the Court construed DeGrate's complaint as a petition to

---

[1]     Under the "prison mailbox rule," a pleading or other submission is considered "filed" by
a pro se prisoner on the date it is given to a prison official for mailing. See Houston v. Lack, 487
U.S. 266, 266 (1988). Because DeGrate does not state when he gave his complaint to prison
officials to be mailed, I infer that he did so on January 25, when the complaint was signed. See,
e.g., Peralta v. Connelly, 06 Civ. 5360 (DAB) (MHD), 2008 WL 8050791, at *4 n.6 (S.D.N.Y.
Apr. 18, 2008).

USDC SDNY
DATE SCANNED _10/25/12_

vacate an arbitration award under the FAA, and ordered DeGrate to serve BMI and file proof of service with the Court. (Dkt. No. 10). After DeGrate failed to file proof of service by the Court-ordered deadline, on June 12, 2012, the Court again directed DeGrate to serve BMI and file proof of service, as well as show cause why his case should not be dismissed for failure to prosecute. (Dkt. No. 16). In response, DeGrate filed various submissions, none of which constituted proper proof of service or satisfied the Court that DeGrate had served BMI. (See Order to Show Cause dated September 11, 2012 ("September Order to Show Cause") at 2-3 (Dkt. No. 19)). Accordingly, on September 11, 2012, the Court again ordered DeGrate to show cause why his case should not be dismissed for failure to prosecute. (Id. at 5). In addition, the Court explained that governing law required that, in order to be timely, DeGrate should have filed his petition by October 10, 2011 and served notice of such petition on BMI by October 11, 2011. (Id. at 3-5 (citing New York State Civil Practice Law and Rules ("CPLR") § 7511(a) and 9 U.S.C. § 12)). As DeGrate had not filed his petition until January 25, 2012, and had yet to establish service on BMI, the Court also directed DeGrate to show cause why his petition should not be dismissed as time-barred. (Id. at 5).

The Court subsequently received four responsive submissions from DeGrate.[2] The first is a letter from DeGrate asserting that he mailed BMI a copy of his Motion to Vacate on April 15, 2012. (Letter to Judge Cott dated August 24, 2012 (Dkt. No. 20)).[3] The second is a letter from DeGrate attaching a certificate of service attesting that DeGrate mailed a copy of his

---

[2]    DeGrate also filed a fifth submission entitled "Respondent's Original Answer." (Dkt. No. 22). However, this submission was not responsive to the September Order to Show Cause.

[3]    I note that, in addition to filing a complaint, which was construed as a petition to vacate an arbitration award, DeGrate has twice filed "motions" to vacate. (See Dkt. No. 12 (4/10/12) and Dkt. No. 21 (9/5/12)).

2

Motion to Vacate to BMI's attorney on September 27, 2012. (Letter to Judge Cott dated September 27, 2012 (undocketed)). The third is a letter from DeGrate stating that he has made several attempts to contact BMI and attaching a September 25, 2012 printout purporting to document an electronic message from DeGrate to BMI's in-house counsel. (Letter to Judge Cott dated October 2, 2012 (undocketed)).

The fourth submission is DeGrate's formal response to the September Order to Show Cause. (See Response to Order dated October 1, 2012 ("Response" or "Resp.")).[4] In it, DeGrate contends that he sent his Motion to Vacate to BMI by mail on June 25, 2012 (which he asserts is demonstrated by a handwritten declaration dated June 25, 2012 and notarized affirmations dated July 3 and September 27, 2012), but that BMI's attorney purposefully ignored service by mail and DeGrate's other efforts to bring the existence of his petition to her attention. (Id. at 3, 4, 8). DeGrate further argues that the Court should toll the limitations periods governing his petition due to "complications, and interruptions in timely filing" occasioned by his incarceration. (Id. at 5; see also id. at 4, 8). Attached to DeGrate's Response are fifteen exhibits that he contends support these arguments.[5]

## II.    DISCUSSION

### A.    Standard of Review

"[A]lthough the statute of limitations is ordinarily 'an affirmative defense that the

---

[4]    The Court will order the Clerk to docket DeGrate's Response.

[5]    DeGrate's Response also renews his request for court-appointed counsel. (Resp. at 6). The Court's disposition of this report and recommendation may render such a request moot. Regardless, my determination remains unchanged that nothing in the current record demonstrates that DeGrate's claims are substantial or that he is likely to succeed on the merits. (See Order dated April 23, 2012 at 1 (Dkt. No. 15)). Therefore, this request is denied, without prejudice to renewal if this report is not adopted by the district court.

defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver,' district courts may dismiss an action <u>sua sponte</u> on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted[.]'" <u>Walters v. Indus. & Commercial Bank of China, Ltd.</u>, 651 F.3d 280, 293 (2d. Cir. 2011) (citations omitted); <u>see also</u> <u>Baker v. Cuomo</u>, 58 F.3d 814, 819 (2d Cir. 1995) ("[<u>Sua sponte</u> dismissal] is . . . appropriate if it appears from the face of the complaint that the action is barred . . . by expiration of the statute of limitations.") (citations omitted), <u>vacated on other grounds</u>, 85 F.3d 919 (2d Cir. 1996) (en banc); <u>Fezzani v. Bear, Stearns & Co., Inc.</u>, 384 F. Supp. 2d 618, 635 n.4 (S.D.N.Y. 2004). However, "before acting on its own initiative, a court must accord [a] part[y] fair notice and an opportunity to present [its] position[]." <u>Day v. McDonough</u>, 547 U.S. 198, 210 (2006) (citing <u>Acosta v. Artuz</u>, 221 F.3d 117, 124-25 (2d Cir. 2000); <u>McMillan v. Jarvis</u>, 332 F.3d 244, 250 (4th Cir. 2003)).

DeGrate has now been afforded fair notice of the possibility of dismissal and an opportunity to be heard with respect to the timeliness of his petition. (September Order to Show Cause at 3-5). In light of DeGrate's <u>pro se</u> status, the Court must construe his papers broadly "to raise the strongest arguments that they suggest." <u>Maniruzzaman v. Holder</u>, 366 F. App'x 231, 232 (2d Cir. 2010) (citing <u>Weixel v. Bd. of Educ.</u>, 287 F.3d 138, 145-46 (2d Cir. 2002) (quotation marks omitted)). Nevertheless, DeGrate's "pro se status 'does not exempt [him] from compliance with relevant rules of procedural and substantive law.'" <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 477 (2d Cir. 2006) (citing <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983)).

**B**      **The Timing of a Petition to Vacate Under the FAA**

The timeliness of DeGrate's petition is governed by both the CPLR and the FAA.  See

Santos v. General Elec. Co., No. 10 Civ. 6948 (JSR) (MHD), 2011 WL 5563544, at *9

(S.D.N.Y. Sept. 28, 2011) (citing Yonir Techs., Inc. v. Duration Sys. (1992) Ltd., 244 F. Supp.

2d 195, 206-07 (S.D.N.Y. 2002)), adopted 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011).  The

CPLR provides that "'[a]n application to vacate or modify an arbitration award may be made by

a party within ninety days after [the award's] delivery to him.'"  Hakala v. J.P. Morgan Secs.,

Inc., 186 F. App'x 131, 133 (2d Cir. 2006) (quoting CPLR § 7511(a)).  The FAA requires that

"[n]otice of a motion to vacate, modify, or correct an [arbitration] award . . . be served upon the

adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C.

§ 12.  "The distinction between these two sources of law is that under the FAA the movant must

give notice of, or serve, her application within three months [of the arbitration award.]  In

contrast, the New York statute refers to an application having been 'made' within 90 days (not

three months), and the term 'made' contemplates filing rather than service."  Santos, 2011 WL

5563544, at *3 n.5 (citing Hakala, 356 F. Supp. 2d at 356-57).[6]

**C.**      **DeGrate's Petition is Time-Barred**

In the September Order to Show Cause, the Court noted that the arbitration award

DeGrate seeks to vacate was issued on July 5, 2011 and appears to have been received by

DeGrate no later than July 11, 2011.  (See September Order to Show Cause at 4).  Therefore,

CPLR § 7511(a) required DeGrate to file his Motion to Vacate no later than October 10, 2011,

and the FAA required DeGrate to send notice of such motion to BMI by October 11, 2011.  (Id.).

---

[6]      Because DeGrate is proceeding pro se, the Court provided him with copies of the
decisions in Santos and Hakala.  (See September Order to Show Cause at 4 n.3).

In his Response, DeGrate does not refute the Court's prior conclusions as to when he received the arbitration award or the October deadlines imposed by the CPLR and FAA, nor does he argue that he filed his petition or served notice on BMI prior to the October 2011 deadlines. (See Resp. at 4).[7] Instead, DeGrate explains that he was unable to file his petition in a timely manner because he was transferred to a new prison facility on September 13, 2011, and did not receive his property at the new facility until October 14, 2011. (Id.). DeGrate also asserts that after he received his property at the new facility, he sought the services of the prison law library for assistance in mailing his petition to the appropriate court, but was given the mailing address for the Second Circuit Court of Appeals. (Id.). There is independent documentation in the record demonstrating that DeGrate sent his petition to the Second Circuit Court of Appeals, which returned it for lack of jurisdiction on November 15, 2011. (See Compl. at 6).[8] DeGrate asserts that these circumstances provide a basis to toll the limitations period under the doctrine of "unique circumstances." (Resp. at 4).

"Pursuant to [the 'unique circumstances'] doctrine, filing deadlines may be excused where 'a party has performed an act which, if properly done, would postpone the deadline for filing . . . and has received specific assurance by a judicial officer that this act has been properly done.'" Hakala, 186 F. App'x. at 134 (citations omitted). The Second Circuit has questioned

---

[7]    In fact, he admits he received the AAA decision on July 11, 2011 and did not file this action until January 25, 2012. (Resp. at 4). DeGrate only takes issue with the October dates calculated by the Court, contending that CPLR § 7511(a) required him to file his motion to vacate no later than October 11, 2011, whereas the Court concluded that the CPLR deadline was October 10, 2011. (Resp. at 4). This difference is de minimis and does not affect any of the conclusions otherwise reached in this report.

[8]    As DeGrate's January 25, 2012 complaint and accompanying exhibits are not paginated or numbered, I refer to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

whether this doctrine is still viable. <u>See</u> <u>id.</u> (citing <u>United States v. Canova</u>, 412 F.3d 331, 346 n.17 (2d Cir. 2005) (noting that sister circuits have questioned continued vitality of "unique circumstances" doctrine)). Even assuming its continued validity, DeGrate has not identified any act that he performed that would have postponed the October 2011 deadlines. To the extent DeGrate suggests that his mistaken submission of the petition to the Second Circuit was such an act, that act appears to have post-dated—and therefore could not have postponed—the October 10th filing deadline.[9] In any event, DeGrate does not state that he received specific assurance by a judicial officer that any such act was properly done. Accordingly, the doctrine of "unique circumstances" is not applicable here.

Because the Court is bound to consider the strongest arguments raised by DeGrate's submissions, I also consider whether the Court should equitably toll the relevant filing and service deadlines. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances . . . where a plaintiff has been prevented in some extraordinary way from exercising his rights, or has asserted his rights in the wrong forum." <u>Johnson v. Nyack Hosp.</u>, 86 F.3d 8, 12 (2d Cir. 1996) (citing <u>Bowers v. Transportacion Maritima Mexicana, S.A.</u>, 901 F.2d 258, 264 (2d Cir. 1990); <u>Miller v. International Tel. & Tel. Corp.</u>, 755 F.2d 20, 24 (2d Cir. 1985) (internal punctuation omitted)). A "limitations period may be equitably tolled only if a petitioner demonstrates both that extraordinary circumstances prevented timely filing and that he acted with reasonable diligence

---

[9]     DeGrate has not informed the Court of the precise date that he sent his petition to the Second Circuit, but he has asserted that he could not file his petition until his property was returned to him. As he claims that his property was not returned to him until October 14, 2011 (Resp. at 4), I infer that DeGrate did not send his petition to the Second Circuit until after that date. This inference is also supported by the Second Circuit's letter informing DeGrate that it lacked jurisdiction over his petition, which is dated November 15, 2011. (<u>See</u> Compl. at 6).

during the period he seeks to have tolled." Williams v. Ercole, No. 10–4601–pr, 2012 WL

2548535, at *1 (2d Cir. July 3, 2012) (citing Holland v. Florida, — U.S. —, 130 S. Ct. 2549,

2562 (2010); Harper v. Ercole, 648 F.3d 132, 136-38 (2d Cir. 2011)); see e.g.,

Serrano v. USA United Transit, Inc., 402 F. App'x 574, 576 (2d Cir. 2010) ("'reasonable

diligence' and 'extraordinary' circumstances necessary for equitable tolling") (citation omitted).

DeGrate's transfer between prison facilities and his purported miscommunications with

the prison law library regarding where to send his petition are not a basis for equitable tolling.

First, they are not the type of circumstances that, by themselves, justify equitable tolling.  See,

e.g., Phillips v. Lavalley, No. 10–CV–0997 (MAT), 2012 WL 443856, at *10 (W.D.N.Y. Feb.

10, 2012) ("'Generally, transfers between prison facilities, . . . restricted access to the law library,

and an inability to secure court documents do not by themselves qualify as extraordinary

circumstances.'") (quoting Amante v. Walker, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003);

Montalvo v. Strack, No. 99 Civ. 5087, 2000 WL 718439, at *2 (S.D.N.Y. June 5, 2000) (internal

punctuation and other citation omitted)); see also Pillco v. Bradt, No. 10 Civ. 2393 (SAS), 2010

WL 3398467, at *2 (S.D.N.Y. Aug. 26, 2010) ("difficulty in gaining library access, . . . lack of

legal training . . . and transfers to various prisons fail to meet the requisite extraordinary

circumstances" for equitable tolling) (citations and internal quotation marks omitted).[10]  Second,

DeGrate has not demonstrated diligence in exercising his rights between his July 11th receipt of

the AAA's decision and his September 13th transfer to a new prison facility.  Moreover, even if

the delays occasioned by DeGrate's transfer between prison facilities and mistaken submission

of the petition to the Second Circuit warranted equitable tolling of the filing deadline under

---

10    The Court will provide DeGrate with copies of Phillips, Montalvo, and Pillco.  If
DeGrate requires further cases cited in this report, he can request them from the Court.

CPLR § 7511(a), those circumstances would not explain DeGrate's failure to send notice of the petition to BMI until April 15, 2012, which is the earliest he asserts he did so. (See Dkt. No. 20). Therefore, even if the circumstances cited by DeGrate were sufficient to toll the CPLR filing period, DeGrate's petition would still be time-barred under the FAA, which required DeGrate to serve BMI with notice by October 11, 2011. Accordingly, I conclude that it is clear from the papers DeGrate himself submitted that his petition is time-barred under CPLR § 7511(a) and 9 U.S.C. § 12.[11]

## III. CONCLUSION

For the reasons stated herein, I recommend that the Court sua sponte dismiss DeGrate's petition as untimely.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, DeGrate shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF**

---

[11] Because I conclude that DeGrate's submissions do not establish that his petition is timely or that equitable tolling is appropriate, it is unnecessary to reach the issue of whether DeGrate has now established proper service on BMI, or whether his case should be dismissed for failure to prosecute.

9

**OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474

U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &

Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:  New York, New York
        October 25, 2012

 

 

JAMES L. COTT
United States Magistrate Judge

**A copy of this Order is being sent by mail to:**

Antoine DeGrate
1270478
James V. Allred Unit
2101 FM 369 North
Iowa Park, TX 76367-6658