UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE DEGRATE,

                Plaintiff,

-v-

BROADCAST MUSIC, INC.,

                Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-20-13

No. 12 Civ. 1700 (RJS) (JLC)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Antoine D. DeGrate, *pro se* and incarcerated, moves to vacate an arbitration award in favor of Broadcast Music, Inc. ("BMI"), rendered pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* On October 25, 2012, the Hon. James L. Cott, Magistrate Judge, issued a Report and Recommendation ("Report" or "Rep."), recommending that Plaintiff's Motion to Vacate ("Motion" or "Mot.") be dismissed as time-barred. Plaintiff submitted written objections ("Objs.") on November 7, 2012. For the reasons set forth below, the Court overrules Plaintiff's objections and adopts Judge Cott's Report.

## I. BACKGROUND

    This case arises from a dispute between Plaintiff and third-party Curtis James Jackson – a rap artist popularly known as 50 Cent. On September 16, 2010, Plaintiff filed an arbitral claim with the American Arbitration Association ("AAA"), alleging that Defendant had failed to adequately represent Plaintiff's interests in a copyright dispute with Jackson, in violation of a contractual agreement between Plaintiff and Defendant. (*See* Mot. at 10.) The AAA dismissed Plaintiff's claim with prejudice on July 5, 2011. (Mot. at 2, 46.) Plaintiff filed a "petition to

vaca[t]e award" with the United States Court of Appeals for the Second Circuit on October 4, 2011 (Objs. at 3), which the Court of Appeals denied on November 15, 2011 because it lacked jurisdiction in the case (*see id.*; Mot. at 6).[1]

On January 25, 2012, Plaintiff commenced this action by submitting to prison officials a standard-form complaint for claims under 42 U.S.C. § 1983 (Doc. No. 1), which the Court has construed as a motion to vacate an arbitration award.[2] (Doc. No. 10). The case, initially filed in the United States District Court for the Eastern District of New York, was transferred to the Southern District on March 8, 2012 (Doc. No. 6) and to the undersigned on March 12 (Doc. No. 8). On March 15, 2012, the Court ordered Plaintiff to serve a copy of the Motion on Defendant by April 30. (Doc. No. 10.) Plaintiff then filed a request for appointed counsel on April 2, 2012. (Doc. No. 13.)

The Court referred the matter to Judge Cott on April 16, 2012 for general pretrial supervision and a report and recommendation regarding the Motion to Vacate. (Doc. No. 14.) On April 23, 2012, Judge Cott denied Plaintiff's request for appointed counsel and reiterated that

---

[1] Plaintiff provides no documentation of this petition to the Court of Appeals other than the Court of Appeals' November 15, 2011 letter, rejecting his petition for want of jurisdiction. (Mot. at 6.) Indeed, until Plaintiff filed his objections to Magistrate Judge Cott's Report, he had not specified the date on which he filed the petition. Only after Magistrate Judge Cott identified October 10, 2011 as the final day on which Plaintiff could have timely moved for vacatur (Rep. at 5) did Plaintiff specify October 4, 2011 as the date he petitioned the Court of Appeals (Objs. at 3). This assertion conflicts, however, with his October 10, 2012 filing, in which he explained that, after a prison transfer, his personal property was "delivered to [him] on Oct. 14, 2011. [He] then requested to the law library for the proper courts [sic] mailing address so that [he could] have [his] original petition filed, timely under both CPLR § 7511(a) and 9 U.S.C. § 12, but was given the wrong mailing address and jurisdiction." (Doc. No. 23 at 5 (citations omitted).) The chronology asserted on October 10, 2012 strongly implies that Plaintiff did not have the Court of Appeals' address until *after* October 14, 2011, so his petition would not have been filed until after that date, which fell after the October 10, 2011 deadline that Magistrate Judge Cott identified and which is discussed *infra* Section II.A. Despite this discrepancy, in resolving the Motion, the Court will assume that Plaintiff petitioned the Second Circuit on October 4, 2011.

[2] *Pro se* filings by incarcerated parties are deemed filed when the inmate surrenders them to prison officials for mailing. *See Gibson v. City Municipality of New York*, 692 F.3d 198, 201 n.3 (2d Cir. 2012). Although Plaintiff does not state that he submitted his Motion to prison officials on January 25, 2012, his signature was affixed on that date, and the Motion to Vacate was received on January 30, 2012. Accordingly, the Court deems the Motion filed on January 25, 2012. Plaintiff has subsequently filed duplicative papers styled as motions to vacate. (*See* Doc. Nos. 12, 17, & 21.)

service had to be effectuated by April 30. (Doc. No. 15.) After Plaintiff defaulted on that deadline, on June 12, 2012, Judge Cott ordered Plaintiff to serve Defendant by June 29, 2012 and to show cause by the same date why he had failed to timely serve. (Doc. No. 16.) Plaintiff responded to the order to show cause on June 19, 2012 but failed to demonstrate service on Defendant. (Doc. No. 19.) Having failed to show that service had been effectuated, on September 11, 2012, Plaintiff was ordered to:

> show cause why [the court] should not dismiss his case, and . . . explain why his petition [was] timely . . . and also why the case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)(1) given that DeGrate still ha[d] not filed a proper affirmation of service with the Court.

(*Id.*) This showing was due on or before October 10, 2012, and Judge Cott further advised that "failure to show cause that [the] case [was] timely or make a proper showing that BMI ha[d] been served [would] result in [a] *sua sponte* recommendation . . . that [the] case be dismissed." (*Id.*) Plaintiff failed to comply with this order, so on October 25, 2012, Judge Cott issued his Report urging the Court to deny Plaintiff's Motion based on a *sua sponte* determination that the Motion to Vacate is untimely. (Doc. No. 24.) The Court received Plaintiff's objections on November 7, 2012. (Doc. No. 25.)

## II.   DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate judge's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A magistrate

judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

To the extent that a party raises specific objections to a magistrate judge's findings, the Court must undertake *de novo* review of such objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Although *pro se* filings are generally accorded leniency, *see Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (construing *pro se* filings to make the strongest arguments they suggest), where a *pro se* party's objections to a report and recommendation are "conclusory or general," or where a plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error, *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

Accordingly, the Court will review *de novo* Plaintiff's objections to the Report that raise new and specific issues. Plaintiff raises two such objections: (1) that the Motion was timely because the relevant limitation period tolled while Plaintiff sought relief from the United States Court of Appeals for the Second Circuit and (2) that denial of the Motion is improper because Plaintiff was not represented by counsel.[3] (*See* Objs. at 3.)

---

[3] In addition to the specific objections that the Court has construed from Plaintiff's submission, Plaintiff cites the Preamble to the Constitution of the United States, along with excerpts from Articles IV and VI and the Fifth and Fourteenth Amendments. (Objs. at 1.) He also raises a non-specific request: that the Court should provide him with a mediator because he is "entitled to this mediation process." (Objs. at 4.) It is not clear whether Plaintiff is referring to a request for a new arbitration, which the Court would deny for the reasons stated below, or some entirely distinct mediation process. Because Plaintiff fails to make out a request or grievance from which the Court can construe a new and specific objection, this request is denied.

4

A.  Plaintiff's Motion Is Time-Barred

Under New York C.P.L.R. § 7511(a), a motion to vacate an arbitral award must be made within 90 days of the award's delivery to the moving party. The FAA supplements this time constraint, requiring that notice of a motion to vacate be served on adverse parties within three months of the award's delivery. *See* 9 U.S.C. § 12. Both statutes apply to Plaintiff's Motion, but they apply in different ways. *See Santos v. General Elec. Co.*, No. 10-cv-6948 (JSR) (MHD), 2011 WL 5563544, at *9 (S.D.N.Y. Sept. 28, 2011) (" . . . CPLR § 7511(a) defines its time limit in terms of filing, whereas FAA § 12 looks only to notice (or service) . . . ."). Because Plaintiff received notice of the AAA's award no later than July 11, 2011 (*see* Mot. at 9), the C.P.L.R. required him to file a motion to vacate, if at all, no later than October 10, 2011, and the FAA required him to notify BMI of such a motion no later than October 11. There is no dispute that Plaintiff failed to satisfy these requirements.

Plaintiff insists, however, that these time limitations tolled because he filed a petition to vacate the award with the United States Court of Appeals for the Second Circuit on October 4, 2011 – barely a week before the respective statutes' limitations expired. (*See* Objs. at 3.) Even if factually accurate – and as noted above, there is good reason to doubt the veracity of Plaintiff's assertion – the tolling argument would fail as a matter of law. As the Second Circuit has made clear:

> No exception to [the] three month limitations period is mentioned in [9 U.S.C. § 12]. Thus, under its terms, a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run . . . . Further, there is no common law exception to the three month limitations period on the motion to vacate. The action to enforce an arbitration award is a creature of statute and was unknown at common law.

*Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) (internal citations omitted). Moreover, "even if equitable tolling applied to the FAA's statute of limitations, the facts of this

case would not warrant it. 'As a general matter, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Triomphe Partners, Inc. v. Realogy Corp.*, No. 10-cv-8248 (PKC), 2011 WL 3586161, at *3 (S.D.N.Y. Aug. 15, 2011) (quoting *Bolarina v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal citations and quotations omitted)). Assuming for the moment that Plaintiff's filing in the wrong forum were deemed to constitute an extraordinary circumstance, *see Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (acknowledging that the Second Circuit "has applied the doctrine 'as a matter of fairness' where a plaintiff has . . . 'asserted his rights in the wrong forum'" (quoting *Miller v. Int'l Teleph. and Teleg. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985))), the record is clear that Plaintiff received notice that he had filed in the wrong court on November 15, 2011, at which time equitable tolling would have ceased, *see Johnson* 86 F.3d at 12 ("Equitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled."). As a consequence, the limitations period for Plaintiff would have closed, at the latest, on November 21, 2011 under the C.P.L.R. and on November 22 under the FAA. By waiting until January 25, 2012 to file the Motion to Vacate, Plaintiff is clearly outside the statutorily prescribed period for such a motion, so his Motion is time-barred.[4]

---

[4] The Report also entertains a tolling argument under the doctrine of "unique circumstances." (Rep. at 6–7.) Courts have applied this doctrine so that "filing deadlines may be excused where 'a party [1] has performed an act which, if properly done, would postpone the deadline for filing . . . and [2] has received specific assurance by a judicial officer that this act has been properly done.'" *Hakala v. J.P. Morgan Securities, Inc.*, 186 Fed. Appx. 131, 134 (2d Cir. 2006) (quoting *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 315 (2d Cir. 2000); *accord Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989). Nevertheless, it is not clear that this doctrine is still vital, *see Hakala*, 186 Fed. Appx. at 134; *see also United States v. Canova*, 412 F.3d 331, 346 n.17 (2d Cir. 2005) (declining to consider "the continued vitality of [the 'unique circumstances'] doctrine, which has been questioned by some of our sister circuits"), and for the reasons stated in *Florasynth*, it is even more doubtful that the doctrine should apply to the limitation established by 9 U.S.C. § 12. In any event, Plaintiff's Motion would be untimely even if the "unique circumstances" doctrine were applied to FAA motions. Specifically, Plaintiff has not alleged that he received any assurance by a judicial officer that he had properly filed his petition. To the contrary, he filed his initial petition with a court that lacked jurisdiction, and he was informed of his mistake by that court on November 15, 2011. (Mot. at 6.)

6

B.  Plaintiff Had No Right To Counsel

Plaintiff also objects that counsel was not appointed to assist in his case. Judge Cott denied a request for appointed counsel on April 23, 2012 (Doc. No. 15), so Plaintiff's objection should have been raised no more than fourteen days after he was served with a copy of that denial order. *See* Fed. R. Civ. P. 72(a). His failure to do so precludes him from raising that objection now. *See id.* Moreover, even if Plaintiff's objection had been raised properly, it would have been overruled. There is no constitutional right to representation by counsel in civil proceedings, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984); *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004), and although a court may request counsel to represent civil litigants who cannot afford an attorney, *see* 28 U.S.C. § 1915(e)(1); *Martin-Trigona*, 737 F.2d at 1260, the court should do so only if it determines that "the indigent's position seems likely to be of substance," *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) – a standard Plaintiff clearly has not met. In any event, Plaintiff's lack of counsel has no bearing on the disposition of this Motion because Plaintiff's opportunity to file ended, at the very latest, on November 21, 2011, and he did not request counsel until April 2, 2012, long after appointed counsel could have saved the Motion from time bar.

III.  CONCLUSION

Having reviewed *de novo* Plaintiff's objections to the Report, the Court finds them without merit. The Court has also reviewed the portions of the Report to which Plaintiff raises no objections and finds no clear error therein. Accordingly, the Court adopts the Report and Recommendation of Magistrate Judge Cott. Plaintiff's objections are OVERRULED, and his

Motion is DENIED with prejudice. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED: New York, New York
February 20, 2013

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

\*   \*   \*

Plaintiff is proceeding *pro se*.

Defendant has not been served and has not appeared in this matter.

A copy of this Memorandum and Order has been sent to:

Antoine Degrate
515 Carver Street
Waco, TX 76704